34    NEW JERSEY SUPREME COURT.

N. J. & H. R. Ry. Co. v. Am. Elec. Works.    81 N. J. L.

## NEW JERSEY AND HUDSON RIVER RAILWAY AND FERRY COMPANY v. AMERICAN ELECTRICAL WORKS.

Submitted December 1, 1910—Decided January 14, 1911.

In the interest of justice and in a proper case a party whose statu-
  tory proceeding cannot be formally amended may be permitted to
  give to the other party, by a stipulation filed in the cause, the
  protection that such amendment, if it could be made, would
  afford.

On *certiorari* and a motion.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *Wendell J. Wright.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

GARRISON, J.    The petition, under which commissioners
were appointed by the Circuit Court to appraise the full mar-
ket value of the petitioner's stock in the corporation of the
prosecutor, bears internal evidence of having been drawn and
exhibited under the twenty-third section of the Traction act
of 1893 (*Pamph. L., p.* 302) ; the order that was made
strictly follows the petition.    The fault ascribed to each is
that certain of the duties to be performed by the commission-
ers, under this section, are stated in general terms rather than
with that particularity which the prosecutor deems to be es-
sential to its protection.    The petitioner (the defendant in
*certiorari*) moves for an opportunity to amend in these par-
ticulars the proceeding in the Circuit Court, but has not di-
rected our attention to any statute, or satisfied us of any ex-
isting practice, under which such an amendment can be made.

The situation therefore is that the prosecutor seeks for a
certain protection that the present proceeding does not afford

to it which the defendant is willing to afford if the rules of practice will permit. It would be very unfortunate, under these circumstances, if the only alternative were the dismissal of the proceeding or its retention in its present form. We think that the defendant may, if it will, do, in effect, what the protection of the petitioner requires, without involving the power of the Circuit Court to amend this statutory proceeding. In the interest of justice, such a course should be followed rather than one that is destructive, or at best wasteful, of the substantial interests of one or the other of the parties before the court.

If the defendant will, within twenty days, pay the costs of the prosecutor and file in the cause and serve upon the attorney of the prosecutor a stipulation that its petition and the order of the Circuit Court obtained upon it and all proceedings had or to be had thereunder shall be conclusively taken as based upon the twenty-third section of chapter 172 of the laws of 1893, and shall be treated to every intent as if said petition and order embodied with particularity the pertinent provisions of that act, the order of the Bergen Circuit Court will be affirmed within ten days thereafter unless during such time the attorney of the prosecutor shall give notice to opposing counsel and to this court of some objection to the form of such stipulation, in which case the matter will be disposed of upon the hearing on such objection. In default of the filing of such stipulation, the prosecutor may give notice of a motion for a rule for judgment in *certiorari.*

The motion of the defendant is denied, with costs.